|  |  |
|---|---|
| UNITED STATES DISTRICT COURT <br> DISTRICT OF PUERTO RICO | |
| JORGE W. CORTÉS-MORALES, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Civil No. 07-1107 (JAF) <br><br> (Crim. No. 05-424) |

**OPINION AND ORDER**

Petitioner Jorge W. Cortés-Morales requests a certificate of appealability from this court to appeal our denial of his 28 U.S.C. § 2255 petition. Docket Document No. 14; see 28 U.S.C. § 2253(c)(2) (2006). A certificate of appealability may be granted only upon a substantial showing of the denial of a constitutional right. §§ 2253(c)(2), (3). To make this showing, the applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Williams v. Taylor, 529 U.S. 420, 484 (2000)).

Plaintiff argues that his conviction is barred by the Double Jeopardy Clause because Puerto Rico is not a separate sovereign from the United States. Docket Document No. 14. It is the well-established law of the First Circuit that Puerto Rico is to be treated as a separate sovereign from the United States for double jeopardy purposes. United States v. López Andino, 831 F.2d 1164, 1167-68 (1st Cir. 1987). However, the Eleventh Circuit disagrees, holding that Puerto Rico is constitutionally a territory, and not a separate

Civil No. 07-1107 (JAF)                                                -2-

sovereign. United States v. Sánchez, 992 F.2d 1143, 1151-52 (11th Cir. 1993). Because reasonable jurists could debate the status of Puerto Rico with respect to the Double Jeopardy Clause, we are required to grant Petitioner's request for a certificate of appealability. See Lozada v. Deeds, 498 U.S. 430, 432 (1991) (concluding that a court must grant a certificate of probable cause where there is a circuit split as to the merits of the underlying constitutional claim).

Plaintiff also argues that his guilty plea was not knowing, intelligent and voluntary. We ruled that the plea was knowing, intelligent, and voluntary because, at the change-of-plea hearing, Petitioner assured the court that he was competent to plead, that he understood the consequences of his plea, and that he was not pressured by his attorney. Docket Document No. 10. Upon reviewing the record, we find that any reasonable jurist would agree with our March 27, 2008 Opinion and Order. Id.

Accordingly, we **GRANT** Petitioner's request for a certificate of appealability.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 17th day of June, 2008.

                S/José Antonio Fusté
                JOSE ANTONIO FUSTE
                Chief U.S. District Judge